# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

JOHN CARY CARTER,

        Plaintiff,

    v.

GEORGIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

CIVIL ACTION NO.: 6:18-cv-67

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff John Cary Carter's ("Carter") failure to comply with the Court's Order of October 16, 2018, doc. 5, his failure to update his address, and his failure to prosecute this action. For the following reasons, I **RECOMMEND** the Court **DISMISS** Carter's Complaint **without prejudice** for failure to follow the Court's Orders and failure to prosecute.[1] I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Carter leave to appeal *in forma pauperis*.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Carter that his suit is due to be dismissed. As indicated below, Carter will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and plaintiff's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

On June 18, 2018, Plaintiff filed his Complaint under 42 U.S.C. § 1983, contesting certain conditions of his confinement at Smith State Prison in Glennville, Georgia, as well as other Georgia prisons. Doc. 1. Concurrently, Plaintiff filed a motion to proceed *in forma pauperis*. Doc. 2. Plaintiff filed a notice of change of address on September 10, 2018, informing the Court that he would be held at Telfair State Prison until his release from state custody on September 17, 2018. Doc. 4. Plaintiff did not indicate in that notice or in any later filing where he would reside after September 17, 2018. The Court granted Carter's motion on October 16, 2018 and ordered Carter to "immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice." Doc. 5 at 3. The Court also ordered Carter to sign and return the Consent to Collection of Fees form and the Prisoner Trust Account statement and provided copies of both forms. Doc. 5. The Court also required Carter respond to the Order by November 15, 2018, or his case would be dismissed "without prejudice for failure to prosecute and follow this Court's Orders." Id. at 4.

On October 24, 2018, Carter's mail was returned as undeliverable because Carter was no longer at Telfair State Prison. Doc. 6. While Carter may not have received a copy of the Order directing him to update his address with the Court, it is the Plaintiff's responsibility to ensure the Court has a proper mailing address and contact information. Plaintiff failed to provide any updated contact information to the Court. Indeed, Plaintiff has not made any filings in this case since his notice of change of address on September 10, 2018.

## DISCUSSION

The Court must now determine how to address Carter's failure to comply with this Court's Orders, failure to update his address, and failure to prosecute this action. For the reasons

set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** Carter's

Complaint and **DENY** him leave to appeal *in forma pauperis*.

## I.     Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to

manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty.

Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies,

Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows

for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims,

comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R.

Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005

WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir.

1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua*

*sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on]

willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a

district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and

ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802,

802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in

extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful

contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not

---

[2]      In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Carter his failure to update any change of address or to return the requisite forms could result in the dismissal of his case.  Doc. 5 at 3, 4.

suffice." <u>Thomas v. Montgomery Cty. Bd. of Educ.</u>, 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting <u>Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)</u>, 62 F.3d 1356, 1366 (11th Cir. 1995)); <u>see also</u> <u>Taylor v. Spaziano</u>, 251 F. App'x 616, 619 (11th Cir. 2007) (citing <u>Morewitz</u>, 62 F.3d at 1366). In contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. <u>Taylor</u>, 251 F. App'x at 619; <u>see also</u> <u>Coleman</u>, 433 F. App'x at 719; <u>Brown</u>, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. <u>See</u> <u>Coleman</u>, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); <u>Brown</u>, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite the Court's directions, Carter has failed to sign and return the required Trust Fund Account Statement and the Consent to Collection of Fees from Trust Account form. Additionally, Carter did not provide this Court with an updated address. This Court has no means by which it can communicate with Carter and is unable to move forward with this case. In addition, Carter has failed to diligently prosecute his claims, as he has not taken any action in this case for more than six months' time. For these reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Carter's Complaint, doc. 1.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Carter leave to appeal *in forma pauperis*. Though Carter has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Carter's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Carter *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Carter's Complaint, doc. 1, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Carter leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of May, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA